UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JOHNNY RIOS,

                Petitioner,

- against –

MARK L. BRADT, *Superintendent of Attica Correction Facility*,

                Respondent.
----------------------------------------------------------X

**ORDER**
**13 CV 4442 (MKB)(LB)**

**BLOOM, United States Magistrate Judge:**

*Pro se* Petitioner moves for a stay of this habeas corpus proceeding under 28 U.S.C. § 2254 so that he may exhaust certain claims in state court. (Stay Mot., ECF No. 6.) Respondent opposes the motion on the ground that a stay would be futile. (Opp'n, ECF No. 8.) The Honorable Margo K. Brodie referred Petitioner's motion as well as the underlying petition to me pursuant to 28 U.S.C. § 636(b). For the reasons set forth below, Petitioner's motion for a stay is denied.

**I.    Background**

On August 26, 2010, Petitioner was convicted of second-degree murder in the Supreme Court of the State of New York, Kings County. (Pet., ECF No. 1.) Petitioner appealed his conviction to the Appellate Division of the New York Supreme Court for the Second Judicial Department, and raised three claims: (1) the state trial court violated his right to due process by admitting evidence of an uncharged crime he allegedly committed; (2) trial counsel was ineffective for failing to preserve that due process argument; and (3) the sentencing court relied on a misapprehension of the law when it ran Petitioner's sentence consecutively to a prior undischarged sentence imposed by a Pennsylvania court. (Resp., ECF No. 5, Ex. E (Appellate Br.).) The Appellate Division affirmed the conviction on June 20, 2012, but vacated Petitioner's sentence. (Pet.; Resp., Ex. G.) Regarding the merits of the appeal, the Appellate Division

determined that "[t]he defendant's [due process argument was] unpreserved for appellate review," and, in any event, without merit, but that the trial court "incorrectly believed that it was required, as a matter of law, to direct that the defendant's sentence run consecutively to a certain undischarged sentence when in fact, under the circumstances, the [trial] court had discretion to direct that the defendant's sentence run either concurrently with or consecutively to that undischarged sentence." (Resp., Ex. G.) Petitioner sought leave from the Court of Appeals to appeal only the dismissal of his due process claim. (Id., Ex. H.) The Court of Appeals denied Petitioner leave on August 21, 2012. (Id., Ex. J.)

On July 31, 2013, Petitioner filed the instant *pro se* petition seeking a writ of habeas corpus based on the same three grounds he raised on direct appeal. (Pet. at 6–8, 18.) Petitioner also stated that "he would [] like to submit a Writ of Error Coram Nobis with the [] Second Department [] [f]or ineffectiveness of Appellate Counsel for neglecting to argue more relevant and prese[r]ved issues and for not extensively including in its appeal brief that fact of trial counsel's ineffectiveness." (Id. at 19.) Petitioner notes that he did not previously seek post-conviction relief because he "do[es]n't know the law and [he] was relying on [his] Direct Appeal for positive results . . . ." (Id. at 7.)

Respondent's counsel's affidavit in opposition to the petition argues that Petitioner's due process claim is procedurally barred by the independent and adequate state ground doctrine; Petitioner raises claims that are unexhausted, moot, and/or abandoned; and a stay of the petition to permit exhaustion of Petitioner's ineffective assistance of counsel claims would be futile. (Resp. at 1–2.) As to Petitioner's stay request in his habeas petition, Respondent specifically argues that: (1) a motion to vacate his conviction pursuant to Section 440.10 of the New York Criminal Procedure Law ("NYCPL") raising Petitioner's ineffective assistance of trial counsel claim would be procedurally barred because the Appellate Division already decided that claim;

and (2) Petitioner fails to show good cause for his delay in filing a Section 440.10 motion based on appellate counsel's performance. (Id. at 33–34.) Petitioner never filed a post-conviction motion raising the claims mentioned in his petition.

Petitioner thereafter filed the instant motion to stay his petition and, on April 24, 2014, he filed a Section 440.10 motion in the New York Supreme Court of Kings County seeking to vacate his conviction based on six new claims:

1. Ineffective assistance of counsel for trial counsel's failure to: (a) investigate certain physical evidence recovered during the autopsy; (b) object to the admission into evidence of the murder weapon on the ground of inadequate foundation; (c) consult or call expert witnesses or any defense witnesses; (d) request certain discovery pertaining to witnesses from the medical examiner's office; and (e) object to certain remarks made by the prosecutor in summation.

2. A Brady claim alleging that the prosecutor failed to disclose alleged exculpatory evidence recovered during the autopsy.

3. Knowing use of false testimony based primarily on alleged inconsistencies between two eyewitnesses' testimonies and the testimony of other prosecution witnesses.

4. Prosecutorial misconduct during the opening statement and summation.

5. Fraud upon the court based on alleged inconsistencies between the testimony of the prosecution's DNA expert and the expert's laboratory report.

6. A freestanding claim of actual innocence.

(Opp'n at 1–2, Attach. 1.) Petitioner also requested an order for DNA testing of certain evidence recovered during the autopsy, pursuant to Section 440.30 of the NYCPL. (Id. at 2.) On September 9, 2014, the Supreme Court denied the motion to vacate. (Id., Attach. 1.) Petitioner appealed the denial of his Section 440.30 motion, and sought leave to appeal the denial of his motion to vacate. (Id.) Respondent argues that a stay pending Petitioner's pursuit of these additional claims "would be futile" because those claims "do not relate back to his original three claims" and are time-barred. (Id. at 3.)

## II. Stay Motion

"[S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Rhines v. Weber, 544 U.S. 269, 277 (2005). The Supreme Court did not define "good cause" in Rhines, nor has the Second Circuit defined it. Acevedo v. Lempke, No. 10 Civ. 5285 (WHP)(HBP), 2011 U.S Dist. LEXIS 71353, at *4 (S.D.N.Y. July 1, 2011). "[M]ost courts have deemed [good cause] to require that the petitioner show that some factor external to the petitioner gave rise to his failure to assert the claims in state court." Williams v. Marshall, No. 09 Civ. 7411 (RJH)(MHD), 2011 U.S. Dist. LEXIS 36484, at *6–7 (S.D.N.Y. Mar. 30, 2011) (internal quotation marks and citations omitted). "Other courts have looked to the Supreme Court's analysis in Pace v. DiGuglielmo, 544 U.S. 408 (2005), in which the Court noted in dictum that 'reasonable confusion normally will constitute good cause,' id. at 416, and have suggested that this implied a somewhat more lenient definition of good cause." Id. (citing Whitley v. Ercole, 509 F. Supp. 2d 410, 419 (S.D.N.Y. 2007) (holding that "a petitioner's showing of his confusion, if reasonable, concerning the delay in his state filing would satisfy the Rhines requirement of 'good cause'")).

Here, although Petitioner raised his ineffective assistance of trial counsel claim on appeal, the Appellate Division did not expressly address it. (Resp., Ex. G.) Petitioner states that he was confused as to the process, and did not file a post-conviction motion because he believed that his direct appeal would resolve his claims. (Pet. at 7.) However, he waited 20 months after his direct appeal ended in August 2012 to file his Section 440.10 motion. (Resp., Ex. J.) Moreover, although he acknowledged the necessity of filing for post-conviction relief to exhaust his claims in his instant habeas petition, he waited nearly one year to file that motion. (Pet. at 18–19.) While Petitioner may have been confused initially regarding the procedure to exhaust his claims, he presumably understood that procedure by the time he filed his petition, and nevertheless delayed

almost another year before filing his Section 440.10 motion raising six new claims. He has yet to file any post-conviction motion regarding his ineffective assistance of appellate counsel claim. Petitioner offers no explanation, and fails to demonstrate "good cause," for his delay in filing for post-conviction relief to exhaust his claims in state court. See Spurgeon v. Lee, No. 11-CV-00600, 2011 U.S. Dist. LEXIS 35252, at *8 (E.D.N.Y. Mar. 31, 2011) (Because "petitioner offers no explanation, let alone asserts 'good cause,' as to why he did not previously raise his . . . claim in state court," stay and abeyance is denied as to those claims). Accordingly, Petitioner's motion for a stay is denied.[1]

SO ORDERED.

/S/ Judge Lois Bloom
LOIS BLOOM
United States Magistrate Judge

Dated: February 2, 2015
Brooklyn, New York

---

[1] As Respondent points out, even if good cause could be established, Petitioner's new claims would be time barred. There is a one-year time limitation to seek a writ of habeas corpus, which runs from "the date on which the judgment [of the state court] became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A). Because Petitioner did not apply to the U.S. Supreme Court for a writ of certiorari following his direct appeal, his conviction became final on November 19, 2012, 90 days after the Court of Appeals denied Petitioner leave to appeal. See Fernandez v. Artuz, 402 F.3d 111, 112 (2d Cir. 2005). Petitioner filed the instant petition within the one-year filing deadline, which ended on November 19, 2013.

Although the limitations period is tolled during the pendency of a "properly filed application for State post-conviction or other collateral review," 28 U.S.C. § 2244(d)(2), Petitioner filed his post-conviction motion to vacate the judgment after the end of the limitations period. If a habeas petitioner seeks to add a claim to his petition after the end of the one-year limitations period, the claim may be deemed added at the time he filed the original pleading if it "relates back," that is if the time-barred claim "arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Because Petitioner's new claims are based on different facts from those supporting the original three claims he raises in the instant petition, the new claims would not "relate back" and any request to amend his petition to add the new time-barred claims following exhaustion would most likely be denied. See id.; Moret v. Heath, No. 10 Civ. 06652 (KPF)(DF), 2014 U.S. Dist. LEXIS 112087, at *19 n.4 (S.D.N.Y. Apr. 2, 2014) ("[A]ny amendment to the Petition to add these new claims would be futile because these claims were time-barred . . . ."). Finally, because Petitioner's actual innocence claim is not based on new credible evidence, it provides no basis for an exception to the limitations period. See Rivas v. Fischer, 687 F.3d 514, 517, 547–49 (2d Cir. 2012) (holding that a "credible" actual innocence claim based on new evidence is an equitable exception to the AEDPA limitations period). A stay to exhaust Petitioner's time-barred claims would therefore be futile. See Brown v. Conway, No. 06 Civ. 5041 (RO), 2011 U.S. Dist. LEXIS 38496, at *13 (S.D.N.Y. Apr. 8, 2011) (denying stay motion as futile because claims petitioner sought to exhaust were time-barred).